An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERI KING,
Appellant,
vs.
TEDD MILLER,
Respondent.

No. 63431

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a proper person appeal from a post-divorce decree district court order regarding enforcement of the divorce decree and awarding attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

Our review of this appeal reveals a jurisdictional defect. This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). NRAP 3A(b)(8) allows an appeal to be taken from a special order entered after a final judgment. To be appealable as a special order after final judgment, the order must affect the rights of some party to the action growing out of the judgment. *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). In the context of post-divorce proceedings, an order denying a motion to amend a divorce decree is appealable as a special order after final judgment if "the motion is based upon changed factual or legal circumstances and the moving party is not attacking the original judgment." *Burton v. Burton*, 99 Nev. 698, 700, 669 P.2d 703, 705 (1983). Specifically, the party's motion must be based on "some change in fact or law which occurred after the judgment was granted, and in light of which the moving party claims that the judgment is no longer just." *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30603

Here, the district court's June 13, 2013, order enforced the portion of the amended divorce decree allowing respondent to exercise an option to take possession of the marital residence if appellant failed to pay for respondent's share within the specified time. An order enforcing a prior order is not appealable as a special order after final judgment. *Gumm*, 118 Nev. at 920, 59 P.3d at 1225. Moreover, to the extent the district court denied appellant's countermotion to modify the divorce decree, that countermotion was not based on a change in circumstances because the asserted circumstances occurred prior to the entry of the amended divorce decree and were raised in an identical motion filed before the amended decree. Thus, appellant's challenge to respondent's ownership of the marital residence is simply an attack of the amended divorce decree. *Burton*, 99 Nev. at 700, 669 P.2d at 705. Therefore, we conclude that the district court's order is not appealable as a special order after final judgment under NRAP 3A(b)(8). Further, because the portion of the district court's order awarding respondent attorney fees did not establish an amount of fees, but directed respondent's counsel to file a memorandum of fees and costs, the attorney fees award is not a final, appealable award. Accordingly, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____ , J.
Hardesty

_____ , J.          _____ , J.
Douglas                                Cherry

---

[1]In light of this order, we deny as moot appellant's motion for a stay.

cc: Hon. William B. Gonzalez, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Cheri M. King
Radford J. Smith, Chtd.
Eighth District Court Clerk